MANLY N. CUTTER, APPELLANT, *v.* CORA MORRIS, RESPONDENT.

*Practice — the court should refuse to submit the case to the jury, upon the ground that the evidence is insufficient to support a verdict in favor of a party, where, if a verdict were found in his favor, the court would set it aside as being against the weight of the evidence.*

APPEAL from a judgment, entered on an order made at the circuit directing the dismissal of the plaintiff's complaint.

In this action the plaintiff claimed to recover the value of his services as an architect in drawing plans and making estimates for and concerning the erection of an addition to a house, at the request of and for the defendant. At the close of the plaintiff's evidence it was considered by the court that he had failed to establish the fact that he was employed to render the service by the defendant, and whether the evidence sufficiently tended to prove this fact, to entitle the plaintiff to submit the question to the jury, is the point upon which the appeal depends.

The court at General Term, after reviewing the evidence produced upon the trial, said, in affirming the action of the court below: "The evidence was too uniformly against him, which was reliably furnished by the documents introduced into the case in the course of his own examination as a witness. Their effect was to overcome what may be described as an ambiguous interview between the plaintiff and the defendant, concerning this work, and to settle the question against him that it was the work of the husband, and so recognized by him throughout, and for which he alone should be held accountable. As the proof appeared the court was right in withdrawing the case from the consideration of the jury. This general subject was considered in *Wilds* v. *Hudson River Railroad Company* (24 N. Y., 430), where, in the course of the prevailing opinion, it was held that where the court would be justified in setting aside a verdict as clearly against the weight of evidence, it was its duty to nonsuit the plaintiff. (Id., 433.) And the same rule was declared in *Deyo* v. *New York Central Railroad Company* (34 N. Y., 9). The authorities were there examined and the result was stated to be, that 'if the evidence is not sufficient to

warrant a verdict, or if the court will set aside a verdict if found, it is the duty of the court to nonsuit a plaintiff.' (Id., 13.) It is true that this rule was not followed in *Colt* v. *Sixth Avenue Railroad Company* (49 N. Y., 671). But as these authorities do not appear to have been intended to be overruled by this decision, and the rule seems to be founded in good sense, the case in which this last decision was made may be considered to be exceptional, on account of some peculiar circumstances, not appearing by the report. The rule itself is further maintained by *Wombough* v. *Cooper* (2 Hun, 428) and by *Commissioners, etc.,* v. *Clark* (94 U. S., 278). There, also, the authorities were examined and they were considered to maintain the proposition which has been stated. It was there added that: ' Decided cases may be found where it is held that if there is a scintilla of evidence in support of a case, the judge is bound to leave it to the jury, but the modern decisions have established a more reasonable rule, to wit, that before the evidence is left to the jury there is or may be, in every case, a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the burden of proof is imposed.' (Id., 284.)

" The evidence in this case, concerning the employment of the plaintiff by the defendant, is not only of this infirm character, but by that which was written and forms the most reliable basis of what was the plaintiff's relation to this work, this slender evidence was wholly overthrown, and it was the duty of the court to exercise its authority, as it did, and dismiss the plaintiff's complaint.

" The judgment appealed from should, consequently, be affirmed."

*John Henry Hull,* for the appellant.

*Charles E. Coddington,* for the respondent.

Opinion by DANIELS, J. ; BRADY, P. J., concurred.

Judgment affirmed.